UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 24-cr-0029-bhl

DIANA L FENTON-JOHNSON,

Defendant.

**ORDER**

On April 6, 2026, Robert Pollard, Ph.D., submitted a competency evaluation regarding Defendant Diana Fenton-Johnson to the Court. (ECF No. 42.) That report was prepared after the defendant moved for a competency evaluation, (ECF No. 34), and the Court granted the motion, (ECF Nos. 37, 41). The report remains under seal. On July 9, 2026, the government moved to partially unseal the report to permit its dissemination to the court and parties handling a parallel criminal case pending in the Middle District of Florida and involving the same defendant. *See United States v. Fenton-Johnson, et al.*, 26-cr-0016 (M.D. Fla.). (ECF No. 47.) Defendant has indicated she does not oppose the government's request and agrees to the limited disclosure of the report to the Court and parties in the pending Florida matter, Case No. 26-cr-0016. (ECF No. 52 at 1.) The Court will therefore grant the government's motion.

Generally, federal judicial proceedings and documents filed in those proceedings are presumed to be public. *See Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). The public interest in open proceedings can be overridden where "'privacy interests predominate,'" such that there is good cause for sealing a part or whole of a record in the case. *Id.* (quoting *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999)). Under this standard, this Court routinely seals medical records for privacy reasons, even if it does not seal the brief that discusses those records. (ECF No. 50 at 2 (compiling cases).) Competency reports are routinely filed and kept under seal when such a report contains confidential and sensitive information. *See, e.g.*, *United States v. Whelan*, 21-cr-0005-bhl (E.D. Wis.) (ECF No. 93) (order,

in the context of briefing on competency, granting government motion to seal an exhibit "contain[ing] private health information of the defendant").

In this case, the psychiatric report at issue was prepared at the Court's instruction and sealed by the Court because it contains confidential and sensitive medical information. The government has explained why a limited partial unsealing is appropriate and the defendant does not oppose the proposed limited disclosure. Accordingly, the Court will grant the government's motion.

**IT IS HEREBY ORDERED** that the government's motion to partially unseal Dr. Robert Pollard's competency evaluation of Defendant Diana L. Fenton-Johnson, ECF No. 47, is **GRANTED**. The government is permitted to partially unseal Dr. Robert Pollard's report, ECF No. 42, to permit its dissemination to the court and parties handling a pending Florida criminal case with the same defendant. *See United States v. Fenton-Johnson, et al.*, 26-cr-0016 (M.D. Fla.).

Dated at Milwaukee, Wisconsin on August 6, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge